GARDEN, JUDGE:
Several weeks after the devastating flood in Williamson, West Virginia in early April of 1977, the operator of an end-loader engaged in the cleanup operation damaged a wall along the front of property which, according to the Notice of Claim, was owned by the claimant, Patricia Wilson. At the hearing, it was revealed that the legal owners of the property were the father-in-law and mother-in-law of the claimant, namely, George P. Wilson and Gladys V. Wilson. Mr. and Mrs. George P. Wilson were thereupon named as additional claimants.
The claimant, Patricia Wilson, testified that the endloader in question was painted yellow and that she therefore assumed that it was owned and operated by an employee of the Department of Highways, which State agency was named the respondent in the Notice of Claim. However, Courtney Joslin testified that, in April of 1977, he was employed by the Department of Highways as a Management Analyst with the Management Services Division, and that he and about six other employees of the Department were sent to -the Williamson area to supervise the cleanup effort. According to Joslin, at that time the Department of Highways had no equipment in the area, it having been inundated by the flood waters. As a result, it was necessary to hire local contractors with the equipment required to perform the actual work. Most importantly, Jqslin further stated that all of the work done in the Williamson area was done under the direction of Governor Rockefeller.
*310 As far as damages are concerned, an estimate of repairs was introduced into evidence. Prepared by one John B. Lamanca, the estimate reflected that the cost of material and labor to replace this wall would be about $1,600.00. On the other hand, claimant Patricia Wilson testified that, in her opinion and the opinion of other members of her family, the cost would not exceed the sum of $1,200.00.
This Court heard several other claims resulting from this destructive flood wherein the Office of the Governor — Emergency Flood Disaster Relief was the respondent. The Court is of the opinion that this claim was improperly filed against the Department of Highways and that no award can be made as far as that agency is concerned, but the Court on its own motion hereby substitutes the Governor’s Office — Emergency Flood Disaster Relief as respondent.
The Court therefore awards the amount of $1,200.00 to claimants Patricia Wilson, George P. Wilson, and Gladys V. Wilson.
Award of $1,200.00.